UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Tyrone Austin**,

    Plaintiff,

vs                                                         Case No. 2:10-cv-10049
                                                              Honorable Gerald E. Rosen
                                                              Magistrate Judge: Paul V. Komives

**Detroit Police Officer Martin's Towing,**
Badge 3059, and **Martin Towing**,

    Defendants.

_____

Tyrone Austin, pro per                                 Stephen J. Trahey (P-29840)
5034 Hillsboro                                               Attorney for Martin's Towing
Detroit, Michigan                                         26316 Telegraph Road, PO Box 697
(313)894-2441                                                Flat Rock, Michigan 48134
                                                                             sjtrahey@yahoo.com

Dennis Burnett (P-27099)
John A. Schapka (P-36731)
Attorneys for Martin's Towing
660 Woodward, Suite 1650
Detroit, Michigan 48226
(313) 237-3062
schaj@law.ci.detroit.mi.us

_____

**DEFENDANT MARTIN'S TOWING'S
MOTION FOR SUMMARY JUDGMENT**

        In accordance with FRCP 56, Defendant, Martin's Towing hereby requests the court dismiss Plaintiff's claims against her and enter an order of summary judgment in her favor. In support of her position, Defendant, Martin's Towing, offers the following:

        1.        On December 4, 2009, Plaintiff filed this civil action seeking money damages in the Third Circuit Court, Wayne County, Michigan.

2. Defendant, Martin's Towing, removed the matter to the United States District Court for the Eastern District of Michigan, and thereby subjected itself to the court's jurisdiction.

3. A careful reading of his complaint reflects that Plaintiff alleges Defendant, Martin's Towing violated his rights as provided under the 4th and 14th Amendments to the Constitution of the United States after his car was towed following his arrest engaging in a sex act while sitting in his automobile which was parked in the area of Derby and Winchester, in the City of Detroit.

4. On May 26, 2010, Plaintiff was convicted of the offense for which he was arrested.

5. Plaintiff nonetheless complains that he was unlawfully arrested and convicted.

6. Plaintiff appealed his conviction, but his appeal was dismissed; accordingly, Plaintiff's conviction stands.

7. Plaintiff's claims are barred as they seek to collaterally invalidate his conviction.

8. On February 24, 2011, Defendant's counsel sought Plaintiff's concurrence in the relief sought herein; Plaintiff declined to concur.

Predicated upon the facts presented and the authorities cited above, Defendant Martin's Towing respectfully requests the court grant its motion for summary judgment and dismiss Plaintiff's claims against it, with prejudice.

    Respectfully submitted,
    /s/Stephen J. Trahey
    Tuchow & Trahey Law Offices
    26316 Telegraph Rd. P.O. Box 697
    Flat Rock, MI 48134
    sjtrahey@yahoo.com

DATED: 29 April 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Tyrone Austin**,

    Plaintiff,

vs                                                  Case No. 2:10-cv-10049
Honorable Gerald E. Rosen
Magistrate Judge: Paul V. Komives

**Detroit Police Officer Martin's Towing,**
Badge 3059, and **Martin Towing**,

    Defendants.

___

Tyrone Austin, pro per                             Stephen J. Trahey (P-29840)
5034 Hillsboro                                       Attorney for Martin's Towing
Detroit, Michigan                               26316 Telegraph Road, PO Box 697
(313)894-2441                                        Flat Rock, Michigan 48134
                                                   sjtrahey@yahoo.com

Dennis Burnett (P-27099)
John A. Schapka (P-36731)
Attorneys for Martin's Towing
660 Woodward, Suite 1650
Detroit, Michigan 48226
(313) 237-3062
schaj@law.ci.detroit.mi.us

___

**DEFENDANT MARTIN'S TOWING'S BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

       This civil matter arises from an incident in which Defendant on-duty Detroit Police Officer Martin's Towing towed Plaintiff's vehicle after he was arrested Plaintiff after observing him as he engaging in a sex act while sitting in his automobile which was parked on a public street.

       Plaintiff was subsequently convicted but nonetheless claims his arrest and conviction were unlawful.

## Factual Predicate

On November 9, 2009, Defendant, Martin's Towing, towed Plaintiff's vehicle following his arrest when he engaged in an act of fellatio with a prostitute while sitting in his automobile parked on Derby Street near Winchester.[1]   On May 26, 2010, Plaintiff was convicted of the misdemeanor offense of engaging in indecent or obscene conduct; he appealed, but his appeal was dismissed.[2] Accordingly, Plaintiff's conviction stands.  Plaintiff nonetheless now alleges that both his arrest and conviction were unlawful.[3]

## Statement of Issues

Federal authorities provide that a conviction bars a subsequent civil action which asserts an unlawful arrest or conviction claim.  Plaintiff was convicted of engaging in indecent conduct, the offense for which he was arrested.  Are his unlawful arrest related claims, therefore, barred?

## Index of Authorities

*Anderson v Liberty Lobby*,  477 US 242 (1986).

*Celotex Corp., v Catrett*, 477 US 317 (1986)

*Heck v Humphrey*, 512 US 477 (1994)

*Jaroslawicz v Seedman*, 528 F2d 727 (2d Cir 1975)

*Matsushita Electric Industrial Co., Ltd. V Zenith Radio Corp.*, 475 US 574 (1986).

*Meredith v Hardy*, 554 F2d 764 (5th Cir 1977)

*Schilling v White*, 58 F3d 1081, 1083 (6th Cir 1995).

*Street v J.C. Bradford & Co.*, 886 F2d 1472 (6th Cir 1989)

*Wilkinson v Dotson*, 125 SCt 1242, 1247 (2005)

---

[1] **Exhibit 1** - Ordnance Violation Citation U560-502-09.

[2] **Exhibit 2** - Certified Record Copy, Case U56050209, 36th District Court.

[3] **Exhibit 3** - Plaintiff's Complaint.

*Wolf v Perry*, 412 F3d 707, 714 (6th Cir 2005)

FRCP 56

FRCP 43(e)

## Authorities and Argument

### a. The FRCP 56 Predicate

In accordance with FRCP 56, any party may move for summary judgement on the ground there is no genuine issue of fact and, as a consequence, judgment is proper as a matter of law. Various matters in addition to the pleadings may be considered in connection with an FRCP 56 summary judgment motion.

In deciding an FRCP 56 motion, the court must concern itself solely with the existence of any genuine issue of material fact.[4] When the pleadings, the supporting matters, and reasonable inferences demonstrate a material factual dispute, summary judgment is inappropriate.[5]

Not every issue of fact or conflicting inference, however, presents a genuine issue of material fact requiring denial of an FRCP 56 summary judgment motion.[6] The party opposing an FRCP 56 motion must also adduce more than a mere scintilla of affirmative evidence to establish a material factual dispute.[7] A simple showing of some degree of metaphysical doubt regarding the material facts is insufficient.[8]

Consequently, the test determining the propriety of an FRCP 56 motion is the same as that

---

[4] *Jaroslawicz v Seedman*, 528 F2d 727 (2d Cir 1975) (it is not the court's responsibility to weigh the evidence or judge the credibility of witnesses, and, in effect, try the case).

[5] *Meredith v Hardy*, 554 F2d 764 (5th Cir 1977)

[6] *Anderson v Liberty Lobby*, 477 US 242 (1986).

[7] *Street v J.C. Bradford & Co.*, 886 F2d 1472 (6th Cir 1989); *Anderson v Liberty Lobby, Inc*, supra; *Celotex Corp., v Catrett*, 477 US 317 (1986); *Matsushita Electric Industrial Co., Ltd. V Zenith Radio Corp.*, 475 US 574 (1986).

[8] *Street v J.C. Bradford & Co.*, supra at 1480; *Matsushita Electric Industrial Co. v Zenith Radio Corp.*, supra at 1356.

for a directed verdict motion.[9]  Specifically, where the record taken as a whole could not lead a rational trier of fact to find for the opposing party, there is no genuine issue for trial.[10]

### b.  Unlawful Arrest and Conviction Claim - the Heck Doctrine

Plaintiff's unlawful arrest claim mounts an impermissible collateral attack on the validity of his conviction.  The Supreme Court of the United States addressed this issue in *Heck v Humphrey*[11] wherein a state prisoner brought a Section 1983 claim to challenge the "conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating the crime."[12]  The Court dismissed the convict's Section 1983 claim and explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 USC 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983.  Thus, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been already invalidated.  But if the district court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.  *Heck* at 486-87 (footnotes omitted).

The Supreme Court further explained its holding as resting on the principle that civil tort

---

[9]  *Street v J.C. Bradford & Co.*, supra at 1479; *Anderson v Liberty Lobby*, supra at 2512

[10]  *Matsushita Electric Industrial Co., Ltd. V Zenith Radio Corp.*, supra at 1356

[11]  *Heck v Humphrey*, 512 US 477 (1994)

[12]  *Wilkinson v Dotson*, 125 SCt 1242, 1247 (2005).

actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.[13] The Court continued "that where 'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction,' a Section 1983 action will not lie 'unless... the conviction or sentence has already been invalidated.' "[14]

The United States Supreme Court seems to have been concerned that a plaintiff will use a Section 1983 action as a means to gain a speedier release from prison, rather than merely for the monetary damages sought by a Section 1983 claim. As the Sixth Circuit Court of Appeals explained, "a finding of a constitutional violation in a civil suit could be given preclusive effect in a later habeas corpus proceeding (so) prisoners could use Section 1983 as an 'end run' around the carefully crafted exhaustion requirements of habeas."[15] The 6th Circuit further explained that "(i)f civil claims were allowed while criminal cases were pending, 'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil' ".[16]

While the Supreme Court may have been concerned about state prisoners using Section 1983 as a means to more quickly get out of prison, the Sixth Circuit Court of Appeals interpreted *Heck*'s holding as not one limited solely to plaintiffs who are currently in prison. The 6th Circuit Court determined that *Heck* applies as much to prisoners in custody, a habeas prerequisite, as to persons once convicted but not presently incarcerated.[17]

The 6th Circuit explained its stance by observing that in *Heck*, the Supreme Court did not merely rest its analysis on preserving habeas corpus as the remedy to obtain release from prison, but

---

[13] *Wilkinson v Dotson*, supra at 1246.

[14] *Wilkinson v Dotson*, supra at 1247, quoting *Heck*, supra at 487.

[15] *Schilling v White*, 58 F3d 1081, 1083 (6th Cir 1995).

[16] *Wolf v Perry*, 412 F3d 707, 714 (6th Cir 2005).

[17] *Schilling v White*, supra at 1086.

also "examined the common law of tort liability and concluded that proof of the illegality of a conviction is a necessary element of the Section 1983 cause of action."[18]

The Circuit Court further observed that "(u)nless that conviction has been reversed, there has been no injury of constitutional proportions, and thus no Section 1983 suit may exist."[19] Accordingly, *Heck* bars any Section 1983 case that challenges or questions the validity of a conviction, when that conviction has not been successfully challenged.

Here, Plaintiff's conviction for engaging in indecent or obscene acts has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

As detailed above, *Heck* bars Plaintiff from employing a Section 1983 action to obtain damages where success would necessarily imply the unlawfulness of his still-valid conviction or sentence.  Regardless, Plaintiff uses the instant civil matter as a vehicle to challenge the validity of that conviction, a purpose expressly found impermissible by *Heck*.  Accordingly, Plaintiff's claims must be dismissed and Defendant's motion for summary judgment must be granted.

**Conclusion**

Predicated upon the facts presented, the authorities cited, and the arguments advanced above, Defendant, Martin's Towing, respectfully requests the court grant her motion for summary judgment and that such be entered with prejudice.

                                                    Respectfully submitted,
/s/Stephen J. Trahey
Tuchow & Trahey Law Offices
26316 Telegraph Rd. P.O. Box 697
Flat Rock, MI 48134
sjtrahey@yahoo.com

April 29, 2011

---

[18] *Schilling v White*, supra.

[19] *Schilling v White*, supra.

I hereby certify that on 29 April 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all counsel of record; and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: Tyrone Austin, 5034 Hillsboro Street, Detroit, Michigan 48204.

                                      Respectfully submitted,
                                      /s/Stephen J. Trahey
                                      Tuchow & Trahey Law Offices
                                      26316 Telegraph Rd. P.O. Box 697
                                      Flat Rock, MI 48134
                                      sjtrahey@yahoo.com

DATED: 29 April 2011