## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TYRONE AUSTIN,

     Plaintiff,                           Case No. 10-10049

v.                                     Hon. Gerald E. Rosen

SAMELLIA HOWELL and
MARTIN TOWING,

     Defendants.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____ February 21, 2012 _____

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I.  INTRODUCTION

Plaintiff Tyrone Austin commenced this action in state court on December 4, 2009, alleging in his *pro se* complaint that he was unlawfully seized by Defendant Samellia Howell, a Detroit police officer, without a warrant or probable cause, that he was unlawfully subjected to criminal prosecution, and that his automobile was unlawfully impounded by Defendant Martin Towing.  Defendant Martin Towing removed the case to this Court on January 6, 2010, citing Plaintiff's apparent assertion of claims under 42 U.S.C. § 1983 alleging violations of his rights under the U.S. Constitution.  *See* 28 U.S.C.

§§ 1441(a), 1331.

This suit has not been capably litigated, to say the least, and the substantial majority of the blame for this rests with the attorneys for the Defendants, rather than the *pro se* Plaintiff.  The discovery period came and went without any indication that the parties pursued any discovery efforts whatsoever,[1] and the dispositive motion deadline also passed without any motions being filed.  Instead, when Plaintiff and defense counsel appeared for a final pretrial conference, the Court was advised for the first time that Defendants believed they had meritorious grounds for an award of summary judgment in their favor.  Despite the defense attorneys' lackadaisical "efforts" to pursue the interests of their clients, the Court agreed to entertain untimely summary judgment motions filed well past the dispositive motion deadline, and each of the two Defendants has now filed such a motion.  In addition, the Court was able to secure *pro bono* counsel for Plaintiff, and this attorney has filed a response on Plaintiff's behalf to Defendants' two pending motions.

Having reviewed Defendants' motions, Plaintiff's response, and the remainder of the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately set forth in these written materials, and that oral argument would not aid the decisional process.  Accordingly, the Court will decide Defendants' motions "on the

---

[1]While Defendants and their counsel apparently did nothing during the discovery period, Plaintiff pursued an effort to obtain *pro bono* counsel to represent him.  As noted below, counsel eventually was appointed to represent Plaintiff in this suit.

briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  This opinion and order sets forth the Court's rulings on these motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The record before the Court is quite limited[2] and may be briefly summarized.  At around 8:15 p.m. on November 9, 2009, Defendant Samellia Howell, an on-duty Detroit police officer, arrested Plaintiff Tyrone Austin after observing him engaging in a sex act while sitting in his automobile, which was parked on a public street in the City of Detroit. On May 26, 2010, Plaintiff was convicted of the misdemeanor offense of engaging in indecent or obscene conduct, and he was ordered to pay a fine.  Plaintiff appealed his conviction, but his appeal was dismissed in October of 2010 for lack of prosecution.

It appears from the record that Plaintiff's vehicle, a 1994 Lincoln Continental, was impounded on the night of his arrest, presumably by Defendant Martin Towing.[3]  The State of Michigan instituted forfeiture proceedings, and a judgment of forfeiture was entered on March 12, 2010, awarding the vehicle to the Wayne County Sheriff's Office.

_____

[2]Indeed, Defendant Howell's motion is accompanied by only three exhibits, one of which is a copy of Plaintiff's complaint.  Not to be outdone, the motion filed by Defendant Martin Towing is unaccompanied by *any* exhibits — although it cites to exhibits, none of which are actually attached to the motion — and Plaintiff's response likewise lacks any supporting exhibits or references to the record.  The Court returns below to the glaring deficiencies in the motion filed by Defendant Martin Towing.

[3]The facts relating to the seizure and subsequent forfeiture of Plaintiff's vehicle are nowhere to be found in Defendants' summary judgment motions, nor in Plaintiff's response to these motions.  Rather, the Court's account of this seizure and forfeiture rests solely upon the documents accompanying the parties' proposed final pretrial order.  (*See* Docket Entry 14, Proposed Amended Joint Pretrial Order.)

3

The automobile was then sold at an auction in June of 2010.  Plaintiff evidently pursued an appeal from the judgment of forfeiture, but this appeal was dismissed in December of 2010 for lack of prosecution.

Plaintiff commenced this action in state court on December 4, 2009, within less than a month of his November 9, 2009 arrest.  At the time this suit was filed, the criminal proceedings against Plaintiff remained pending, as did the forfeiture proceedings brought against his vehicle.  Neither Defendant, however, brought these state court proceedings to the attention of the Court until the parties filed their proposed joint final pretrial order in February of 2011.  Upon reviewing this submission and meeting with Plaintiff and defense counsel at a February 24, 2011 final pretrial conference, the Court agreed to entertain summary judgment motions filed after the dispositive motion deadline, and each of the two Defendants has filed such a motion.  The Court now turns to these motions.

### III.  <u>ANALYSIS</u>

**A.     The Standards Governing Defendants' Motions**

Through the present motions, Defendants Howell and Martin Towing seek summary judgment in their favor on the claims asserted in Plaintiff's *pro se* complaint. Under the pertinent Federal Rule, "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought," and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As the Supreme Court has

4

explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006).  Yet, the nonmoving party may not rely on mere allegations or denials, but instead must support a claim of disputed facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  Moreover, any supporting or opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Finally, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment."  *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

**B.**   **Each of Plaintiff's Federal Constitutional Claims Is Defeated by the Adverse Outcomes of the State Court Criminal and Forfeiture Proceedings.**

In his *pro se* complaint, Plaintiff evidently has asserted a number of federal constitutional claims under 42 U.S.C. § 1983, arising from his November 9, 2009 arrest, the ensuing criminal proceedings against him, and the seizure and forfeiture of his vehicle.  As discussed below, each of these claims is precluded by virtue of the adverse outcomes of the state court criminal and forfeiture proceedings, which afforded Plaintiff the opportunity to raise each of the constitutional challenges he seeks to pursue before this Court.  In essence, Plaintiff wishes to use the present suit as a vehicle for relitigating matters that were (or could have been) addressed in the state court proceedings.  This desired course of action, however, runs afoul of a number of legal principles.

Turning first to Plaintiff's federal constitutional claims against Defendant Howell, these claims evidently rest upon the premise that this Defendant police officer lacked probable cause to arrest Plaintiff, and that Plaintiff's ensuing criminal prosecution likewise was not supported by probable cause.[4]  As Defendant Howell observes in her motion, however, Plaintiff is foreclosed from pursuing these challenges to the lawfulness of his arrest and prosecution, in light of his conviction of the offense that formed the basis for this arrest and prosecution.

_____

[4]Plaintiff's claim of unlawful prosecution raises the obvious question whether the Defendant police officer could be held liable for this alleged constitutional violation, or whether this claim instead should have been asserted against the unidentified "prosecutor" referenced in Plaintiff's complaint.  (*See* Complaint at ¶¶ 2-3.)  The Court need not address this question, in light of its determination that Plaintiff's challenge to his criminal prosecution fails on other grounds.

6

Specifically, in *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Plaintiff's efforts in this case to challenge his arrest, prosecution, and conviction run directly afoul of this ruling in *Heck,* where each of Plaintiff's federal claims against Defendant Howell appears to rest upon allegations of illegalities in his arrest, prosecution, and conviction, and where there is no indication in the record that Plaintiff's conviction has been reversed, expunged, or otherwise set aside or called into question.  To the contrary, the record reveals that Plaintiff's appeal from his conviction was dismissed for lack of prosecution, and it appears that the state court criminal proceedings have fully concluded. It follows that Plaintiff may not bring a suit for damages arising from alleged federal constitutional violations in his arrest, prosecution, or conviction, as any such claim, if successful, "would necessarily imply the invalidity of his conviction."  *Heck,* 512 U.S. at 487, 114 S. Ct. at 2372; *see also Schilling v. White,* 58 F.3d 1081, 1086 (6th Cir. 1995) (confirming that *Heck* applies even if the § 1983 plaintiff has completed any term of incarceration imposed in the prior criminal proceedings); *Walker v. Schaeffer,* 854 F.2d 138, 142 (6th Cir. 1988) (holding that the "finding of guilt and imposition of fines" in the

state court criminal proceedings brought against the plaintiffs "estop[ped] plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause"); *Fox v. Michigan State Police Department,* No. 04-2078, 173 F. App'x 372, 378 (6th Cir. Feb. 24, 2006) (finding that the plaintiff was "estopped . . . from arguing that his arrest was made without probable cause because he pled guilty to the resulting offenses").[5]

Accordingly, the Court turns next to the federal constitutional claims asserted by Plaintiff against Defendant Martin Towing.  Before addressing the substance of these claims, however, the Court is compelled to express its strong disapproval of the performance of counsel for Martin Towing, Stephen J. Trahey.  As noted earlier, counsel for Martin Towing (as well as counsel for Defendant Howell) failed to bring a motion for summary judgment before the dispositive motion deadline, but instead arrived at a final pretrial conference and casually announced to the Court that summary judgment was warranted.  Then, when given an opportunity to file an untimely summary judgment motion, counsel for Martin Towing did not independently prepare a motion and brief addressing the claims against his client, but instead submitted a ***carbon copy*** of the motion filed on behalf of Defendant Howell.  Indeed, this "motion" was the product of an exceedingly poor and utterly careless "cut and paste" job, where it states at the outset that

---

[5]Notably, Plaintiff and his counsel appear to concede that *Heck* forecloses the claims asserted against Defendant Howell, as the arguments raised in Plaintiff's response to Defendants' motions are directly solely at Plaintiff's claims against Defendant Martin Towing, and not his claims against Defendant Howell.

Defendant Martin Towing seeks the dismissal of the claims "against her" and an award of summary judgment "in her favor," (Defendant Martin Towing's Motion at 1), and where the very first sentence of the accompanying brief states that this suit "arises from an incident in which Defendant on-duty Detroit Police Officer Martin's Towing towed Plaintiff's vehicle after he was arrested Plaintiff after observing him as he engaging in a sex act while setting in his automobile," (Defendant Martin Towing's Motion, Br. in Support at 1).

This submission would not be deemed acceptable for a grade school student, much less meet the professional standards of a practicing attorney. The Court will not stand idly by as its limited judicial resources are squandered by counsel's shoddy work. Under 28 U.S.C. § 1927, an attorney may be sanctioned for conduct that "multiplies the proceedings in any case unreasonably and vexatiously," and it is difficult to imagine conduct that more squarely runs afoul of this prohibition. The "motion" filed by counsel for Defendant Martin Towing does absolutely nothing to identify the nature of the claims asserted against this party, address the issues implicated by these claims, or explain the reasons why these claims are subject to dismissal under the applicable law. To the contrary, counsel's submission has served only to impede the Court's resolution of the claims against Defendant Martin Towing, leaving the Court wholly to its own devices in characterizing and analyzing these claims. Under these circumstances, counsel for Martin Towing is directed to pay a sanction of *$1,000.00* to the Clerk of the Court.

In response to the "motion" brought by Defendant Martin Towing, Plaintiff's *pro*

9

*bono* counsel has done a commendable job of overlooking the glaring deficiencies in this submission, and instead advancing arguments as to why Plaintiff's claims against Martin Towing should be permitted to go forward. Yet, these arguments, and the corresponding cases cited in Plaintiff's response, address only the general proposition that Plaintiff's criminal conviction does not necessarily foreclose his separate federal constitutional claims arising from the seizure and forfeiture of his vehicle. While this is true as an abstract proposition, the record in this case nonetheless demonstrates as a matter of law that Plaintiff has no viable federal constitutional claims arising from the specific seizure and forfeiture that occurred here.[6]

In particular, Plaintiff's claims of defects in the procedures through which his vehicle was seized and forfeited are defeated by virtue of his opportunity to challenge these alleged defects in the course of the state court forfeiture proceedings. As the Supreme Court has explained, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

---

[6]The Court recognizes that the "motion" filed by Defendant Martin Towing was unaccompanied by any exhibits, nor did it reference any materials in the record that might shed light on the claims asserted by Plaintiff against this Defendant. Nonetheless, in resolving the pending summary judgment motions, the Court is not limited to the materials cited in the parties' briefs, but may also "consider other materials in the record." Fed. R. Civ. P. 56(c)(3). As noted earlier, the parties submitted a proposed final pretrial order that was accompanied by records from the state court forfeiture proceedings, and the Court has looked to these records in determining whether Plaintiff's claims against Martin Towing can withstand summary judgment.

the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 104 S. Ct. 3194, 3204 (1984).[7]  In

this case, the state court forfeiture proceedings afforded Plaintiff a meaningful

opportunity to raise any desired challenges to the lawfulness of the seizure and forfeiture

of his vehicle.  Although Plaintiff suggests that he lacked notice of these proceedings,

(*see* Plaintiff's Response at 3), he cites nothing in the record to support this assertion.[8]  To

the contrary, it is clear that Plaintiff was aware of the forfeiture proceedings, as he

pursued an appeal from the judgment of forfeiture.  Accordingly, the availability of a state

court remedy defeats any federal due process claim Plaintiff might wish to assert arising

from the seizure and forfeiture of his automobile.  *See Ross v. Duggan,* 402 F.3d 575,

583-84, 586-87 (6th Cir. 2004).  Similarly, Plaintiff's federal constitutional challenges to

the seizure and forfeiture of his vehicle are foreclosed under principles of claim

preclusion, where any such challenges could have been pursued in the state court

---

[7]The Court notes as an aside that Plaintiff may pursue a federal § 1983 claim against Defendant Martin Towing only if this private party qualifies as a "state actor" as this term has been defined in the case law.  *See Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992).  The parties have not addressed this question, and the Court assumes, without deciding, that Plaintiff has established the requisite state action by Martin Towing with respect to the seizure and forfeiture of his automobile.

[8]To the extent that Plaintiff seeks to rely on the allegations of his complaint to support his claim of lack of notice, the complaint includes no such allegations, but instead makes only generalized references to a purported lack of "due process" in Plaintiff's arrest and in the seizure of his vehicle.  Indeed, it would have been difficult for Plaintiff to allege in his complaint that he lacked notice of the state court forfeiture proceedings, since the State did not commence these proceedings until February 11, 2010, two months *after* Plaintiff brought this suit.  Likewise, the hearing that resulted in the judgment of forfeiture was held on March 10, 2010, three months after Plaintiff filed his *pro se* complaint in this case.  Thus, the complaint does nothing to support Plaintiff's claim of lack of notice, and he and his counsel have not pointed to anything else in the record that might support the statements in Plaintiff's response brief that he lacked notice of the processes through which his vehicle was seized and forfeited.

forfeiture proceedings.  *See Blakely v. United States,* 276 F.3d 853, 866-67 (6th Cir. 2002).

## IV.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Samellia Howell's April 29, 2011 motion for summary judgment (docket #16) is GRANTED.  IT IS FURTHER ORDERED that Defendant Martin Towing's May 2, 2011 motion for summary judgment (docket #17) is also GRANTED, albeit on grounds different from those raised in Defendant's motion.  Finally, IT IS FURTHER ORDERED pursuant to 28 U.S.C. § 1927 that, within ***fourteen (14) days*** of the date of this opinion and order, counsel for Defendant Martin Towing shall pay to the Clerk of the Court a sanction in the amount of ***$1,000.00.***

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager