UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE AUSTIN,

    Plaintiff,                               Case No. 10-10049

v.                                             Hon. Gerald E. Rosen

SAMELLIA HOWELL and
MARTIN TOWING,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR RELIEF FROM ORDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on August 30, 2012

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

By opinion and order and corresponding judgment entered on February 21, 2012, the Court granted Defendants' motions for summary judgment and dismissed this case with prejudice. While the Court determined that summary judgment should be awarded in favor of each of the two Defendants, it expressed its strong disapproval of certain aspects of the performance of counsel for Defendant Martin Towing, Stephen J. Trahey, and it ordered this attorney to pay a sanction of $1,000.00 to the Clerk of the Court pursuant to 28 U.S.C. § 1927. (*See* 2/21/2012 Op. at 8-9.) Defense counsel now seeks relief from this aspect of the Court's February 21 ruling, identifying various mitigating

circumstances which, in his view, excuse the deficiencies in his performance as identified in the Court's opinion.

Upon reviewing this motion, the Court finds no basis to revisit its imposition of sanctions against counsel for Defendant Martin Towing. The principal excuse given by counsel for the deficiencies in his performance is that he expected to rely to a significant extent upon the work product of counsel for co-Defendant Detroit police officer Samellia Howell, and discovered only at the eleventh hour that it would be necessary to prepare and file a separate summary judgment motion on his own client's behalf. Yet, as pointed out by Plaintiff's *pro bono* counsel in response to the cut-and-paste "motion" filed by Defendant Martin Towing, Plaintiff's claims against this Defendant necessarily stood on an altogether different footing from the claims asserted against Defendant Howell. Under these circumstances, it was simply unreasonable for counsel for Martin Towing to expect to rely on the arguments advanced in Defendant Howell's summary judgment motion, rather than carefully considering the facts of the case and identifying the pertinent legal standards that would govern the claims against his client. Nor can it be said that counsel served the interests of his client by standing idly by in the days leading up to the dispositive motion deadline, rather than working with counsel for Defendant Howell in advance of this deadline to ascertain whether a single summary judgment motion would suffice to address the claims against each Defendant.[1] Any eleventh-hour dilemma faced

---

[1] It should be noted that this was a ***second*** dispositive motion deadline, granted by the Court after both Defendants permitted the initial deadline to come and go without filing any

by Martin Towing's counsel was entirely a product of his own prior inaction. Finally, while counsel blames a "computer feature" for the "exceedingly poor and utterly careless 'cut and paste' job" cited in the Court's February 21 opinion, (*see* 2/21/2012 Op. at 8-9), he has not explained why the use of a computer obviates the need for even rudimentary proofreading of counsel's work product before it is filed with the Court.

In short, counsel's present motion does nothing to alter the Court's conclusion that the summary judgment "motion" filed on behalf of Defendant Martin Towing squandered the Court's limited judicial resources and left the Court to its own devices in characterizing and analyzing the claims asserted against Martin Towing. Once counsel determined that it would not suffice merely to join in the summary judgment motion filed by co-Defendant Howell, the Court is at a loss to see how counsel could think that a (poorly done) cut-and-paste of this *very same motion* would provide any assistance to the Court or benefit to the client that a simple statement of concurrence would not. Under these circumstances, the Court finds no basis to reconsider or otherwise revisit the findings in its February 21 opinion regarding counsel's performance or the sanctions imposed upon counsel under 28 U.S.C. § 1927.

For these reasons,

---

motions. Again, while counsel for Martin Towing seeks to excuse this missed deadline by citing his reliance on counsel for Defendant Howell, he does not explain why he did not see fit to confer with his fellow counsel in advance of this deadline to ensure that a motion would be filed, and that this motion would serve his client's interests.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Martin Towing's February 27, 2012 motion for relief from order (docket #28) is DENIED. Accordingly, counsel for this Defendant is instructed — if he has not already done so — to promptly pay to the Clerk of the Court the $1,000.00 sanction imposed in the Court's February 21, 2012 opinion and order.

> s/Gerald E. Rosen
> Chief Judge, United States District Court

Dated: August 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2012, by electronic and/or ordinary mail.

> s/Shawntel Jackson for Ruth A. Gunther
> Case Manager